USCA1 Opinion

 

 October 29, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 93-1569 EMERSON PIMENTEL, Petitioner, v. IMMIGRATION AND NATURALIZATION SERVICE, Respondent. __________________ ON PETITION FOR REVIEW OF AN ORDER OF THE BOARD OF IMMIGRATION APPEALS ___________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ __________________ Peter A. Allen on Motion to Hold Case in Abeyance. ______________ Stuart E. Schiffer, Acting Assistant Attorney General, ____________________ Robert Kendall, Assistant Director, and Charles E. Pazar, _______________ ___________________ Attorney, Office of Immigration Litigation, on Motion to Dissolve Automatic Stay of Deportation. __________________ __________________ Per Curiam. Petitioner seeks review of the May 6, ___________ 1993 order of the Board of Immigration Appeals (BIA) denying petitioner's motion to reopen deportation proceedings so that petitioner might apply for discretionary relief from deportation. We summarily affirm the May 6, 1993 order, grant the INS's motion to dissolve the automatic stay of deportation, and deny petitioner's motion to hold appellate proceedings in abeyance. I Petitioner was ordered deported after he failed to appear at a deportation hearing or present any defense. Petitioner promptly appealed to the BIA and moved to reopen the deportation proceedings so that petitioner might apply for discretionary relief from deportation. Petitioner's motion to reopen, filed by his first counsel, indicated that petitioner had not received notice of the deportation hearing because INS correspondence had been sent to an address at which petitioner "was not residing at the time of delivery." The BIA dismissed the appeal and denied reopening. In so doing, it pointed out that petitioner's motion to reopen had not been accompanied by affidavits and evidentiary material as required by 8 C.F.R. 3.8(a) and that the address petitioner had stated in his notice of appeal was the very address to which INS correspondence had been sent. -2- Petitioner, represented by new counsel, promptly moved to reopen once again, this time filing affidavits. He claimed he had never told his first counsel that he did not live at the address to which INS correspondence had been sent; he simply had not received any notice of the deportation hearing. Petitioner's mother stated by affidavit that she had the only key to the residence's mailbox and she, too, had not received notice of the deportation hearing. Petitioner argued he should not be penalized for his first counsel's failings. Concluding that petitioner had not complied with the requirements set forth in Matter of Lozada, 19 I & N Dec. 637 ________________ (BIA 1988), for seeking reopening based on a claim of ineffective assistance of counsel, the BIA denied petitioner's motion to reopen. Petitioner now seeks judicial review of that decision. II In Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), where ________________ an appeal from a deportation order had been summarily dismissed because no brief had been filed, the BIA announced a "high standard" for motions seeking reopening based on claims of ineffective assistance of counsel: A motion based upon a claim of ineffective assistance of counsel should be supported by an affidavit of the allegedly aggrieved respondent attesting to the relevant facts. In the case before us, that affidavit should include a statement that sets forth in detail the agreement -3- that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard. Furthermore, before allegations of ineffective assistance of former counsel are presented to the Board, former counsel must be informed of the allegations and allowed the opportunity to respond. Any subsequent response from counsel, or report of counsel's failure or refusal to respond, should be submitted with the motion. Finally, if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not. The high standard announced here is necessary if we are to have a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board. Where essential information is lacking, it is impossible to evaluate the substance of such claim. In the instant case, for example, the respondent has not alleged, let alone established, that former counsel ever agreed to prepare a brief on appeal . . .. The requirement that disciplinary authorities be notified of breaches of professional conduct not only serves to deter meritless claims of ineffective representation but also highlights the standards which should be expected of attorneys who represent persons in immigration proceedings . . .. The BIA concluded petitioner had not complied with Lozada as petitioner had not detailed his agreement with his ______ first counsel, had not shown whether he had notified first counsel of his charges, and had failed to state whether he had filed a disciplinary complaint. The BIA did not abuse its discretion in denying petitioner's motion to reopen. First, petitioner's affidavit was very sketchy in describing his arrangement with first counsel. Petitioner stated that within a week of receiving -4- an order to show cause why he should not be deported, he had contacted counsel, whom, petitioner claimed "had already been paid for this case"; counsel had said not to worry; and petitioner "was under the impression" that counsel would enter an appearance. After receiving a copy of the decision ordering deportation, petitioner had again contacted counsel. Counsel had again told petitioner not to worry and that "he would get me my United States citizenship." One of counsel's employees then helped petitioner file a notice of appeal, and petitioner paid the employee $620. The BIA could reasonably conclude that petitioner had not sufficiently detailed his agreement with counsel. Petitioner asserted that counsel had been paid for "this case," yet petitioner was only "under the impression" that counsel would file an appearance. Petitioner failed to detail what counsel actually agreed to do with respect to the deportation proceedings. Second, petitioner failed timely to show that he had notified first counsel of his allegations against him. In a supplement to his motion to reopen, petitioner claimed to have notified counsel by letter and purported to attach a copy of the letter, but failed to do so. Even though the BIA's May 6, 1993 order put petitioner on notice of the letter's omission, petitioner apparently did not submit a copy until over three months later with the filing of his -5- third motion to reopen. Such piecemeal presentation, with its potential for an unwarrantable delay of deportation, is what Lozada's "high standard" is aimed at preventing. ________ Third, petitioner refused to state whether he had filed disciplinary proceedings against his counsel. He claimed that "Supreme Court Rule No. 4221, regarding the confidentiality of Disciplinary Complaints" barred him from saying whether a complaint had been filed. Petitioner did not attach a copy of the rule from which the BIA could make a determination whether petitioner's interpretation was warranted.1 In view of the motion's deficiencies, the BIA acted within its discretion in denying reopening. III Petitioner asks that we hold appellate proceedings in abeyance until the BIA acts on a third motion for reopening petitioner filed through a third counsel in August 1993. Because of 1105a's automatic stay, holding appellate proceedings in abeyance would be tantamount to staying deportation pending determination of petitioner's third motion to reopen. After reviewing the motion and the relevant ____________________ 1. Petitioner has apparently abandoned his interpretation of the Rhode Island rule, for in his third motion to reopen, he indicates he filed a complaint against first counsel in late July, almost two months after the BIA denied the second motion to reopen. The disciplinary complaint is very sketchy. -6- considerations, see Berroteran-Melendez v. I.N.S., 955 F.2d ___ _____________________________ 1251, 1255 (9th Cir. 1992), we decline to stay judicial proceedings. We note that petitioner has requested a stay of deportation from the BIA, and we think the BIA is in the best position to assess whether such relief is warranted. The May 6, 1993 order denying reopening is affirmed and the I.N.S.'s motion to lift the automatic stay is granted. -7-